# EXHIBIT "A"

5970143-04

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| REFUJIA LUNA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. _____ |
| | § | |
| BW GAS & CONVENIENCE RETAIL, | § | |
| LLC. D/B/A ALLSUP'S CONVENIENCE | § | |
| STORES | § | |
| | § | |
| Defendant. | § | |

## APPENDIX

| No. | Date Filed or Entered | Document |
|---|---|---|
| 1 | | State Court Civil Docket Sheet |
| 2 | 11/30/2021 | Plaintiff's Original Petition |
| 3 | 11/30/2021 | Service Request on BW Gas & Convenience Retail, LLC d/b/a Allsup's |
| 4 | 1/3/2022 | Defendant's Original Answer |
| 5 | 1/3/2022 | BW Gas & Convenience Retail, LLC.'s Jury Demand |
| 6 | 1/7/2022 | Defendant's Notice of Removal-State Court |

**EXHIBIT "A"**

No. 1

TARRANT COUNTY DISTRICT CLERK'S OFFICE       Page:   1
ALL TRANSACTIONS FOR A CASE         Date: 01/04/2022
Time: 10:12

--------------------------------------------------------------------------------

Cause Number: 048-330593-21   Date Filed: 11/30/2021
REFUJIA LUNA            v    BW GAS & CONVENIENCE
            s    RETAIL, LLC. D/B/A ALLSUP'S CO
Cause of Action: INJURY OR DAMAGE, OTHER INJURY OR DAMAGE
Case Status....: PENDING

--------------------------------------------------------------------------------

|   | Filemark | Description | Fee | Total |
|---|----------|-------------|-----|-------|
| 1 | 11/30/2021 | PLTF'S ORIG PET | NI | 289.00 |
| 2 | 11/30/2021 | PAYMENT RECEIVED trans #1 | Y | 289.00 |
| 3 | 11/30/2021 | REQ CIT/EMAIL (TO DOC PROD-JC) | I | 0.00 |
| 4 | 11/30/2021 | CIT-ISSUED ON BW GAS & CONVENIENCE RETAIL LLC-On | NUI | 8.00 |
|   | 11/30/2021 12/02/2021 |  |  |  |
| 5 | 11/30/2021 | PAYMENT RECEIVED trans #4 | Y | 8.00 |
| 6 | 01/03/2022 | DEFN'S ORIG ANS | I | 0.00 |
| 7 | 01/03/2022 | DEFN'S JURY DEMAND | I | 0.00 |
| 8 | 01/03/2022 | JURY FEE | N | 0.00 |

--------------------------------------------------------------------------------

Total Number Of Records Printed:   8

# No. 2

048-330593-21

FILED
TARRANT COUNTY
11/30/2021 4:00 PM
THOMAS A. WILDER
DISTRICT CLERK

### CAUSE NO. _____

| | | |
|---|---|---|
| REFUJIA LUNA,<br>  *PLAINTIFF,* | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| VS. | § | ____JUDICIAL DISTRICT |
| | § | |
| BW GAS & CONVENIENCE RETAIL, | § | |
| LLC. D/B/A ALLSUP'S CONVENIENCE | § | |
| STORES, | § | TARRANT COUNTY, TEXAS |
|   *DEFENDANT.* | § | |

### PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE COURT:**

NOW COMES, **Refujia Luna** (hereinafter referred to as by name or as "Plaintiff"), complaining of and against **BW Gas & Convenience Retail, LLC. D/B/A Allsup's Convenience Stores**, (hereinafter referred to as by name or as "Defendant"), and for cause will show unto this honorable Court the following:

### DISCOVERY CONTROL PLAN

1.      Plaintiff's claims are to be controlled by Discovery Plan III, pursuant to Tex. R. Civ. P. 190.3.

### RELIEF SOUGHT

2.      Plaintiff seeks monetary relief in excess of over $250,000.00 but under $1,000,000.00.

### JURISDICTION AND VENUE

3.      The amount in controversy far exceeds this Court's minimum jurisdictional amount.

4.      Defendant Allsup's Convenience Stores is formerly known as Allsup's Convenience Stores, Inc. and has its principal office in Texas at 2301 Eagle Parkway, Suite 100, Fort Worth, Texas.  As the principal office is located in Tarrant County, venue is proper in Tarrant

PLAINTIFF'S ORIGINAL PETITION– JMO - Page 1 of 8

County pursuant to C.P.R.C. § 15.002(a)(3).  Defendant is a foreign company, but it is domiciled in Texas and has retail convenience stores located throughout Texas. Defendant has purposefully availed itself of the privilege to do business in Texas and maintaining jurisdiction over them will not offend traditional notions of substantial justice.

## JURY DEMAND

5.      Plaintiff respectfully requests that a jury be convened to try the factual issues of this case.

## PARTIES

6.      Plaintiff is domiciled in Snyder, Scurry County, Texas.

7.      The last 3 digits of Plaintiff's social security number is 745. Plaintiff does not have a Texas Driver's License.

8.      Defendant **BW Gas & Convenience Retail, LLC. D/B/A Allsup's Convenience Stores** (hereafter "Defendant Allsup") is a foreign for-profit limited liability company that is authorized to do business in Texas and can be served with process through their registered agent, Corporation Service Company d/b/a CSC, located at 211 E. 7th St., Suite 620, Austin, TX 78701. **Issuance of citation is requested at this time.**

9.      Plaintiff specifically invokes the right to institute this suit against Defendant, or any other name which has been used to designate it, or which it has used. Plaintiff expressly invokes Rule 28 of the Texas Rules of Civil Procedure to have the true name of these parties substituted at a later time upon the motion of any party or of the Court. In the event any parties are misnamed or not included herein, such event was a "misnomer", or such parties are or were "alter-egos" of parties named herein.

PLAINTIFF'S ORIGINAL PETITION– JMO - Page 2 of 8

## FACTS

10.     On or about February 7th, 2020, under all relevant times, Plaintiff was a business invitee upon Defendant's premises at their invitation and for Defendant's pecuniary gain. While inside Defendant's store, Plaintiff suffered serious permanent and disabling injuries.

11.     On the date made basis of this lawsuit, Plaintiff was at Defendant's premises located at 802 Grape St., Abilene, TX, for the purpose of transacting business therein. While making a purchase selection, she made inquiry with Defendant's employee concerning the location. Defendant's employee directed her in the direction of the bathroom, As Plaintiff moved towards the bathrooms, with her gaze fixed upon the sign on the restroom door, Plaintiff tripped over boxes of merchandise that were stacked on the floor. The boxes were stock merchandise placed in the aisle by Defendant, their gents, servants, and employees.

12.     Defendant negligently failed to warn Plaintiff, and the general public, about the dangerous condition created by the employees, agents or servants within the confines of their property, created a condition that was obstructive and unreasonably dangerous; defendant failed to remove boxes or obstacles that hazardously impeded the walkway for patrons of their business. The failure to exercise ordinary care and not make an adequate effort to protect Plaintiff at the time of the incident was a proximate cause of the Plaintiff's injuries. It was Defendant's negligence which was the proximate cause of Plaintiff's injuries.

11.     Whenever in this petition it is alleged that a Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, and/or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification, or approval of that Defendant or was done in the routine and normal course and scope of employment of that Defendant's officers,

directors, vice-principals, agents, servants, and/or employees. Accordingly, Defendant had actual knowledge of all adverse actions and conduct against Plaintiff through Defendant's respective officers, directors, vice-principals, agents, servants, and/or employees.

## PLAINTIFF'S FIRST CAUSE OF ACTION

13.     Defendant was the owner, occupier and/or in possession/control of the premises where the incident forming the basis of this cause occurred. Plaintiff entered Defendant's premises upon Defendant's invitation and for their mutual benefit. Specifically, Plaintiff was a business invitee, acting reasonably, on the property belonging to Defendant. The conduct of Defendant, by failing to warn of the boxes stacked in the aisle and failing to keep a safe passageway for Plaintiff on its premises, and placing obstacles in the pathway that caused injury. The negligent activities of the Defendant were the proximate cause of Plaintiff's injuries and damages in the following acts of negligence, to wit:

    a.      In failing to timely inspect the premise in order to discover any dangerous conditions.

    b.      In failing to timely observe and inspect the premises in order to correct any unsafe practice or condition and thereby protect invitee, business invitee, and/or licensee, such as the Plaintiff.

    c.      In failing to provide a safe area for its business invitee in order to avoid injuries.

    d.      In failing to take any steps to ensure a safe environment and/or safe conditions for invitee, business invitee, and/or licensee on the premises, such as the Plaintiff; and

    e.      In failing to ensure compliance with the safety policies and procedure, if any.

    f.      In failing to remove hazardous boxes within at or near the public-use bathroom.

PLAINTIFF'S ORIGINAL PETITION– JMO - Page 4 of 8

     g.      In failing to warn the patrons, and the Plaintiff in particular, of a hazardous and dangerous condition.

     h.      In failing to properly train and/or monitor employees.

     i.      In creating a hazardous condition.

     k.      In permitting an unreasonably dangerous condition to exist on its premises; and

     l.      In failing to warn Plaintiff of the dangerous condition(s) that Defendant's employees created.

     14.     It is Plaintiff's belief that Defendant at all relevant times had care and control of the premises for safety and security purposes but failed to keep Plaintiff safe. The premises presented a dangerous condition which posed an unreasonable risk of harm to invitee, business invitee, and/or licensee, including Plaintiff. Defendant knew or reasonably should have known of the dangerous condition. The Defendant had a duty to use ordinary care to ensure that the premises did not present a danger to Plaintiff. This duty includes the duty to inspect and the duty to warn. Defendant breached the duty of ordinary care by proof of Plaintiff's injuries. Defendant further failed to warn Plaintiff of the dangerous conditions of the site. Defendant's breach of duty proximately caused Plaintiff's injuries and damages complained of herein.

## DAMAGES

     15.     As a direct and proximate result of the negligent conduct of Defendant, Plaintiff suffered injuries. In addition, since the incident, Plaintiff has suffered from pain and suffering never experienced prior to the accident.

     16.     Moreover, as a consequence of Defendant's negligent acts and/or omissions, Plaintiff suffered lost wages, loss of earning capacity, physical and mental pain, suffering, and

mental anguish. In all reasonable probability, Plaintiff will continue to suffer in this manner for a long time into the future, if not for the balance of her natural life.

17.     Solely as a result of the injury, Plaintiff has incurred reasonable and customary doctors', pharmacy, and medical expenses for necessary medical treatment. There is more than reasonable probability that Plaintiff will incur additional reasonable expenses for necessary medical care and attention in the future. By reason of the foregoing injury and damages, Plaintiff sustained damages far in excess of the minimum jurisdictional limits of the Court.

## PLAINTIFF'S REQUEST FOR DEPOSITIONS OF THE STORE EMPOLOYEES AND CORPORATE REPRESENTATIVE(S) OF DEFENDANT

18.     Plaintiff hereby requests a deposition of Defendant's in store employees who were on duty on the date in question. Such deposition is to be taken at a time agreed upon after discovery opens in this case (at least sixty-one (61) days after the Defendant's answer day). If no appearance is entered by Defendant, Plaintiffs will serve notice of the deposition with topics and items to be produced. If Defendant enters an appearance, Plaintiff requests the Defendant, or its representatives, provide dates for respective parties within five (5) days of answer day, or Plaintiff will unilaterally notice the depositions to begin on the 61st day after Defendant's Answer is due or is filed. Plaintiff requests that such depositions take place before the deposition of Plaintiff's fact or expert depositions.

## NOTICE OF USE OF DOCUMENTS

19.     Pursuant to Texas Rules of Civil Procedure 166a(d) and 193.7, Plaintiff hereby gives notice to Defendant that she intends to use all discovery products, responses, and documents exchanged and produced between the parties as summary judgment evidence, in any pretrial proceeding, and/or at trial in this cause.

PLAINTIFF'S ORIGINAL PETITION– JMO - Page 6 of 8

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final verdict, Plaintiff be awarded judgment against the Defendant, jointly and severally for all legal and statutory damages, including but not limited to the following legal damages:

    a.    Actual medical bills in an amount exceeding but not limited to the medical price for Plaintiff, all of which are necessary and reasonable for these types of services;

    b.    Future medical care expenses in an amount found to be reasonable and just by the trier of fact;

    c.    Monetary damages for past and future physical pain and suffering and mental anguish found to be reasonable and just by the trier of fact;

    d.    Monetary damages for past and future physical impairment as found to be reasonable and just by the trier of fact;

    e.    Monetary damages for past and future permanent disfigurement in an amount to be determined by the trier of fact;

    f.    Monetary damages for lost wages incurred for and past and future loss of earning capacity, in an amount to be determined by the trier of fact;

    g.    All actual damages, as found to be reasonable by the trier of fact;

    h.    Pre and post judgment interest at the maximum legal rate on all sums awarded herein until paid in full;

    i.    Costs of Court; and

    j.    Such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully Submitted:

LAW OFFICE OF DOMINGO A GARCIA, PC

by: ___/s/_____
Domingo Garcia
Texas Bar No. 07631950
David Stone
Texas Bar No. 00785062
email: dstone@dgley.com
1111 W Mockingbird Lane, Suite 1200.
Dallas, Texas 75247
Telephone: (214) 941-8300
Telecopier: (214) 7536
**E-SERVICE: dallasoffice@dgley.com**

ATTORNEYS FOR PLAINTIFF

# No. 3

# THOMAS A. WILDER, DISTRICT CLERK
## TARRANT COUNTY SERVICE REQUEST FORM

FILED
TARRANT COUNTY
11/30/2021 5:00 PM
THOMAS A. WILDER
DISTRICT CLERK

Cause No: 048-330593-21 048-330593-21

Style of Case: Refujia Luna v. BW Gas & Convenience Retail, LLC. D/B/A Allsup's Convenience Stores

Please reference the District Clerk web page, **www.tarrantcounty.com/DistrictClerk/Forms** for the following forms: Abstracts, Executions, Subpoenas.

**Choose the type of service documents for issuance and select the type and quantity of issuance(s) needed. *For electronic service, service document will be e-mailed to you for you to attach documents and have party served.**

☐ **Check box if you would like the District Clerk's Office to make copies for your service. (add $.50 per page per pleading for copies for service)**

**Title of Pleading to be Served:** PLAINTIFF'S ORIGINAL PETITION
**Date Pleading Filed:** 11/30/2021
**Return to (e-Service ONLY):** Jennifer Zuniga - jzuniga@dgley.com & Dallasoffice@dgley.com
(Name and e-mail address)

| Quantity | Type of Service | TC Constable | Alternative Service (Private Process or Out of County) | Certified Mail | *Electronic Service |
|---|---|---|---|---|---|
| | Citation by Publication | | | | |
| | Citation by Posting | | | | |
| 1 | Citation | | Private process | | Yes |
| | TRO | | | | |
| | Show Cause | | | | |
| | Capias | | | | |
| | Arrest Warrant | | | | |
| | Protective Order | | | | |
| | Writ of Habeas | | | | |
| | Writ of Attachment | | | | |
| | Bench Warrant | | | | |
| | Writ of Garnishment | | | | |
| | Writ of Permanent Injunction | | | | |
| | Writ of Temporary Injunction | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Name of Party to be served: BW Gas & Convenience Retail, LLC. D/B/A Allsup's Convenience Stores   Service Type: _____ Citation
Address for Service: served through their registered agent,   Party Type: Defendant
Corporation Service Company d/b/a CSC, located at 211 E. 7th St., Suite 620, Austin, TX 78701

Name of Party to be served: _____   Service Type: _____
Address for Service: _____   Party Type: _____

**Attach additional pages if there are more parties to be served.**

**PERSON REQUESTING SERVICE:**
NAME: Jennifer Zuniga
MAILING ADDRESS: 1111 W. Mockingbird Ln.   Dallas, Texas 75247
PHONE NO: 2149418300   FAX NO.: 2149437536
EMAIL ADDRESS: jzuniga@dgley.com

Revised 06/04/2018

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Jennifer Zuniga on behalf of Frank Stone
Bar No. 785062
jzuniga@dgley.com
Envelope ID: 59574052
Status as of 11/30/2021 5:02 PM CST

Associated Case Party: REFUJIALUNA

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| David Stone | | dstone@dgley.com | 11/30/2021 5:00:20 PM | SENT |
| Juan Olivo | | jolivo@dgley.com | 11/30/2021 5:00:20 PM | SENT |
| Dallas Office | | dallasoffice@dgley.com | 11/30/2021 5:00:20 PM | SENT |
| Jennifer Zuniga | | jzuniga@dgley.com | 11/30/2021 5:00:20 PM | SENT |
| Stephanie Ortiz | | sortiz@dgley.com | 11/30/2021 5:00:20 PM | SENT |

# No. 4

048-330593-21

FILED
TARRANT COUNTY
1/3/2022 9:56 AM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 048-330593-21

| | | |
|---|---|---|
| REFUJIA LUNA | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| vs. | § | 48TH JUDICIAL DISTRICT |
| | § | |
| BW GAS & CONVENIENCE RETAIL, | § | |
| LLC. D/B/A ALLSUP'S CONVENIENCE | § | |
| STORES | § | |
| Defendant. | § | TARRANT COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **BW GAS & CONVENIENCE RETAIL, LLC. D/B/A ALLSUP'S CONVENIENCE STORES,** Defendant in the above-entitled and numbered cause, and files this ORIGINAL ANSWER replying to PLAINTIFF'S ORIGINAL PETITION and for same says:

### GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant enters a general denial and demands that Plaintiff prove her allegations by a preponderance of the evidence.

### NOTICE OF CONSENT TO ELECTRONIC SERVICE

Defendant consents to electronic service of pleadings, motions, orders, notices, and discovery in this cause **_only_** when service is completed through eFileTexas.gov, the state-authorized electronic filing manager.

### PRAYER

WHEREFORE, Defendant prays that Plaintiff recover nothing from it by way of this suit; that Defendant recover costs of court, and for such other and further relief, both at law and in equity, to which this Defendant may be justly entitled.

Respectfully submitted,

**BROCK ♦ GUERRA**
**STRANDMO DIMALINE JONES, P.C.**
17339 Redland Road
San Antonio, Texas 78247-2304
(210) 979-0100 Telephone
(210) 979-7810 Facsimile

BY: _____
JASON L. WEST
State Bar No. 24042597
Email: jwest@brock.law

ATTORNEYS FOR DEFENDANT

<u>CERTIFICATE OF SERVICE</u>

I do hereby certify that a true and correct copy of the foregoing has been served in accordance with the Texas Rules of Civil Procedure on this 3rd day of January, 2022, to:

Domingo Garcia                              Fax No. 214/943-7536
David Stone                                 Email: dstone@dgley.com
Law Office of Domingo A. Garcia, PC               dallasoffice@dgley.com
1111 W Mockingbird Lane, Suite 1200
Dallas, Texas 75247

_____
JASON L. WEST

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jason West on behalf of Jason West
Bar No. 24042597
jwest@brock.law
·Envelope ID: 60428294
Status as of 1/3/2022 10:03 AM CST

Associated Case Party: REFUJIALUNA

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| David Stone | | dstone@dgley.com | 1/3/2022 9:56:05 AM | SENT |
| Juan Olivo | | jolivo@dgley.com | 1/3/2022 9:56:05 AM | SENT |
| Dallas Office | | dallasoffice@dgley.com | 1/3/2022 9:56:05 AM | SENT |
| Jennifer Zuniga | | jzuniga@dgley.com | 1/3/2022 9:56:05 AM | SENT |
| Stephanie Ortiz | | sortiz@dgley.com | 1/3/2022 9:56:05 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jason LWest | | jwest@brock.law | 1/3/2022 9:56:05 AM | SENT |

# No. 5

12292x JLW.tld. 3970-143 ANS/JB

048-330593-21

FILED
TARRANT COUNTY
1/3/2022 10:09 AM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 048-330593-21

| | | |
|---|---|---|
| REFUJIA LUNA | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | 48TH JUDICIAL DISTRICT |
| | § | |
| BW GAS & CONVENIENCE RETAIL, | § | |
| LLC. D/B/A ALLSUP'S CONVENIENCE | § | |
| STORES | § | |
| | § | |
| Defendant. | § | TARRANT COUNTY, TEXAS |

## DEMAND FOR JURY

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **BW GAS & CONVENIENCE RETAIL, LLC. D/B/A ALLSUP'S CONVENIENCE STORES,** Defendant in the above-entitled and numbered cause, and makes this DEMAND FOR JURY TRIAL.

Respectfully submitted,

**BROCK ♦ GUERRA
STRANDMO DIMALINE JONES, P.C.**
17339 Redland Road
San Antonio, Texas 78247-2304
(210) 979-0100 Telephone
(210) 979-7810 Facsimile

BY: _____
    JASON L. WEST
    State Bar No. 24042597
    Email: jwest@brock.law

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing has been served in accordance with the Texas Rules of Civil Procedure on this 3rd day of January, 2022, to:

Domingo Garcia
David Stone
Law Office of Domingo A. Garcia, PC
1111 W Mockingbird Lane, Suite 1200
Dallas, Texas 75247

Fax No. 214/943-7536
Email: dstone@dgley.com
       dallasoffice@dgley.com

_____
JASON L. WEST

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jason West on behalf of Jason West
Bar No. 24042597
jwest@brock.law
Envelope ID: 60428925
Status as of 1/3/2022 4:31 PM CST

Associated Case Party: REFUJIALUNA

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| David Stone | | dstone@dgley.com | 1/3/2022 10:09:04 AM | SENT |
| Juan Olivo | | jolivo@dgley.com | 1/3/2022 10:09:04 AM | SENT |
| Dallas Office | | dallasoffice@dgley.com | 1/3/2022 10:09:04 AM | SENT |
| Jennifer Zuniga | | jzuniga@dgley.com | 1/3/2022 10:09:04 AM | SENT |
| Stephanie Ortiz | | sortiz@dgley.com | 1/3/2022 10:09:04 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jason LWest | | jwest@brock.law | 1/3/2022 10:09:04 AM | SENT |

# No. 6

CAUSE NO. 048-330593-21

| | | |
|---|---|---|
| REFUJIA LUNA | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | 48TH JUDICIAL DISTRICT |
| | § | |
| BW GAS & CONVENIENCE RETAIL, | § | |
| LLC. D/B/A ALLSUP'S CONVENIENCE | § | |
| STORES | § | |
| | § | |
| Defendant. | § | TARRANT COUNTY, TEXAS |

## DEFENDANT BW GAS & CONVENIENCE RETAIL, LLC D/B/A ALLSUP'S CONVENIENCE STORES' NOTICE OF FILING NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

PLEASE TAKE NOTICE that on the 7th day of January 2022, Defendant BW Gas & Convenience Retail, LLC ("Defendant"), filed with the clerk of the United States District Court for the Northern District of Texas, Fort Worth Division, it's Notice of Removal, together with copies of all process, pleadings and orders served upon it in the action pending against it in the 48th Judicial District Court, Tarrant County, Texas, styled *Refujia Luna v. BW Gas & Convenience Retail LLC. d/b/a Allsup's Convenience Stores,* Cause Number 048-330593-21.

True and correct copies of the Notice of Removal and the Appendix Filed in Support of the Notice of Removal are attached hereto as Exhibit "A" and included herein by reference for all purposes.

All further proceedings with respect to this action shall take place before the United States District Court.

1

Respectfully submitted,

**BROCK ♦ GUERRA**
**STRANDMO DIMALINE JONES, P.C.**
17339 Redland Road
San Antonio, Texas 78247-2304
(210) 979-0100
(210) 979-7810 (FAX)

BY: _____
      JASON L. WEST
      State Bar No. 24042597
      jwest@brock.law

ATTORNEYS FOR DEFENDANT

CERTIFICATE OF SERVICE

    I do hereby certify that a true and correct copy of the foregoing has been served in accordance with the Texas Rules of Civil Procedure on this 7th day of January 2022, to:

Domingo Garcia                              Fax No. 214/943-7536
David Stone                                 Email: dstone@dgley.com
Law Office of Domingo A. Garcia, PC                dallasoffice@dgley.com
1111 W Mockingbird Lane, Suite 1200
Dallas, Texas 75247

_____
JASON L. WEST

2